OPINION OF THE COURT
Sandra B. Edlitz, J.
Petitioner father filed a family offense petition against respondent, his grandmother, with whom he is estranged, in which he alleged, inter alia, that at Stern’s Department Store in Yonkers, New York, his grandmother approached petitioner, his wife and his son. He alleges his grandmother “pushed” him out of the way “to get to” his son, her great-grandchild. When petitioner asked her to stop, his grandmother allegedly told him to “shut up” and began “touching his face” (meaning the great-grandchild) and “trying to talk with him.” Petitioner al *90 leged that respondent committed an act or acts which constituted disorderly conduct, harassment in the second degree, and attempted assault (the degree not specified) pursuant to the Penal Law.
The court conducted a hearing. Petitioner father appeared pro se. The respondent grandmother was represented by counsel. Petitioner testified on his own behalf. The respondent testified, as did her husband. All parties testified that this was a chance encounter in Stern’s Department Store. The petitioner alleged that the respondent committed a family offense in that she “pushed” or “shoved” him aside in order to talk to her great-grandchild. Respondent testified that respondent merely wanted to say hello to her great-grandchild, and that she never touched anyone, including the petitioner. She testified that she merely bent down to say hello to her great-grandson, and said, “Hello, Paulie,” and that when the petitioner yelled, she and her husband walked away. The respondent’s witness, her husband, likewise testified that respondent did not touch anyone.
Petitioner did not prove that a family offense was committed by the respondent by a fair preponderance of the evidence, which is the quantum of proof required. (See, Family Ct Act § 832.) The factual testimony was such that petitioner did not prove that respondent engaged in disorderly conduct pursuant to Penal Law § 240.20, nor did the factual testimony prove that respondent committed acts constituting attempted assault pursuant to Penal Law §§ 110.00 and 120.00 et seq.
Petitioner did not prove harassment in the second degree, pursuant to Penal Law § 240.26 (1), which is the only section of the Penal Law which is remotely applicable to the facts alleged in this case. Under Penal Law § 240.26 (1):
“[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
“1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same” (emphasis added).
In order to establish harassment in the second degree, petitioner must prove the requisite mens rea (intent), plus the act. Petitioner did not prove the requisite intent to “harass, annoy or alarm” him. Even if the petitioner felt harassed, annoyed or alarmed as a result of his grandmother’s conduct, and even if she “shoved” the petitioner, which this court does not believe, intent is crucial. This was a chance encounter between *91 the parties at a public place. Respondent merely wanted to say hello to her great-grandchild, whom she had not seen for some time. She did not intend, nor did she do, anything other than that. Accordingly, it is ordered that this petition is dismissed with prejudice.